UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEAN M. DONAHUE, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:13-CV-1274 |
| | : | |
| v. | : | |
| | : | (JUDGE NEALON) |
| COMMONWEALTH OF | : | (MAGISTRATE JUDGE BLEWITT) |
| PENNSYLVANIA, ET AL., | : | |
| Defendants | : | |

FILED SCRANTON
JUL 3 0 2013
PER ___
DEPUTY CLERK

**MEMORANDUM**

On May 9, 2013, Plaintiff, Sean M. Donahue, who was confined[1] in the Luzerne County Correctional Facility ("LCCF"), Wilkes-Barre, Pennsylvania filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). The complaint names as Defendants: the Commonwealth of Pennsylvania; the Hazleton Police Department; Corporeal Wetzel and Detective Zeptaski of the Hazleton Police Department; Stephanie Salavantis, the Luzerne County District Attorney; Magistrate Judge Joseph Zola; Magistrate Judge O'Donnell; the Pennsylvania Department of Labor and Industry; and the United States Department of Labor. (Id.). Plaintiff alleges that he was arrested to prevent him from using a veterans job training voucher at the Pennsylvania Career Link, that the Pennsylvania Department of Labor and Industry does not want him using the federally funded Pennsylvania Career Link, and that the Pennsylvania General Counsel disagrees with the benefit because the state "wants the money to be used for training immigrants first." (Id.). For relief, Plaintiff seeks, inter alia, his immediate release, federal charges brought against all parties involved in his arrest, an extension of the federal deadline to use the voucher, cancellation of all student loan debt, and monetary damages. (Id.). Plaintiff filed a motion for leave to proceed in forma pauperis on May 24, 2013. (Doc. 5).

---

[1] Plaintiff has since been released on bail. See (Docs. 8-9).

Pursuant to the screening requirements of the Prison Litigation Reform Act, Magistrate Judge Thomas M. Blewitt reviewed the complaint. See (Doc. 10) (citing Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996); 28 U.S.C. § 1915²). On June 11, 2013, Magistrate Judge Blewitt issued a Report and Recommendation ("R&R") recommending that the complaint be dismissed and that the motion for leave to proceed in forma pauperis be granted for the sole purpose of filing this action. (Id.). On June 13, 2013, Plaintiff filed a motion for the appointment of counsel, which includes an "objection to dismissal." (Doc. 11). The objection states:

> I, Sean M. Donahue, object to the dismissal of the above captioned docket. Doing so will allow an injustice to go unchecked simply because I do not have an attorney representing me in this matter. I am a layman of the law and am willing to change the relief requested but I want the matter to be heard by a jury.

(Id.). The motion/objection is dated June 7, 2013, before the R&R was issued. (Id.).³ No other objections have been filed and, for the reasons set forth below, the R&R will be adopted.

**Standard of Review**

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. See Henderson v. Keisling, 386 Fed. Appx. 164, 166 (3d Cir. 2010) (explaining that "only those 'specific objections' made by [the plaintiff] must be

---

²Title 28 U.S.C. § 1915(e)(2)(B) states: "the court shall dismiss the case at any time if the court determines that-- ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

³Between April 22, 2013, and June 11, 2013, Plaintiff filed twenty-three (23) civil rights complaints. He filed an identical motion/objection in nineteen of those cases. See e.g. Donahue v. Luzerne County Correctional Facility, et al., No. 13-cv-1271 at (Doc. 14) (M.D. Pa. 2013).

separately considered by the District Court"), citing Goney v. Clark, 749 F.2d 5, 67 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"). The written objections must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local Rule 72.3. In the absence of specific objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. See Sanders v. Downs, 2013 U.S. Dist. LEXIS 89743, *8-9 (M.D. Pa. 2013) (Caputo, J.) (explaining that the court reviews those portions of the R&R to which specific objections are made de novo, while the "remainder of the R&R is reviewed for clear error"); Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. Local Rule 72.3.

**Discussion**

In the instant action, Plaintiff's "objection to dismissal" contains no specific objection to any portion of the R&R. Accordingly, the R&R is reviewed for clear error.

The R&R thoroughly outlines the required elements of a section 1983 action and explains that each named defendant must be shown to be personally involved in the alleged constitutional deprivations. (Doc. 10, pp. 5-7). Magistrate Judge Blewitt explains that section 1983 does not create any substantive rights. (Id. at p. 8) (citing Doe v. Delie, 257 F.3d 309, 314 (3d Cir. 2001)). "'Rather, a Plaintiff must prove an underlying statutory or constitutional violation in order to

3

prevail under [§1983].'" (Id.), quoting Douris v. Bucks County, 2005 U.S. Dist. LEXIS 1279, *39-40 (E.D. Pa. 2005) (concluding that because the plaintiff could not prove an underlying constitutional violation of his Veteran Benefits Employment Rights, he was precluded from asserting a claim under 42 U.S.C. § 1983). The Magistrate Judge determines that the complaint does not allege the personal involvement of Defendants Wetzel or Zeptaski. (Doc. 10, pp. 8-9). Magistrate Judge Blewitt construes the complaint as alleging the constitutional claims of false arrest and false imprisonment and notes that Plaintiff was arrested by Defendant Hazleton Police Department on August 12, 2012, for Terroristic Threats and Harassment. (Id.). That criminal case, which was held over for trial after a preliminary hearing, is still pending in the Luzerne County Court of Common Pleas. (Id. at p. 10). Consequently, the Magistrate Judge concludes that the constitutional claims[4] are barred by Heck v. Humphrey, 512 U.S. 477 (1994). (Id. at pp. 10-11).[5] Next, the R&R states that the complaint does not mention Defendant Hazleton Police Department in the allegations. (Doc. 10, p. 14). Moreover, Magistrate Judge Blewitt determines that the Hazleton City Police Department is not a proper defendant because it is not a "person" subject to suit under federal civil rights laws, and Plaintiff does not allege that either a policy or lack of policy of Hazleton City led to the violation of Plaintiff's constitutional rights. (Id. at pp. 14-16), quoting Kokinda v. Breiner, 557 F. Supp. 2d 581, 591 (M.D. Pa. 2008) (Caputo, J.). The Magistrate Judge reasons that the Commonwealth of Pennsylvania, the Pennsylvania Department

---

[4]Plaintiff's allegation that he was denied access to the Pennsylvania unemployment offices and Career Link does not state a constitutional claim. (Doc. 10, p. 16); see Douris, 2005 U.S. Dist. LEXIS 1279 at *39-40.

[5]The R&R also notes that the complaint does not specify the date of the challenged conduct and that if the alleged conduct occurred prior to April 20, 2011, the claim is time-barred. (Doc. 10, pp. 12-14) (citing Bond v. VisionQuest, 410 Fed. Appx. 510 (3d Cir. 2011)).

4

of Labor and Industry, and the United States Department of Labor are also not proper Defendants in a section 1983 action, are entitled to immunity, and should therefore be dismissed with prejudice. (Doc. 10, pp. 16-19, 23-24), quoting FDIC v. Meyer, 510 U.S. 471, 475 (1994); Democracy Rising PA v. Celluci, 603 F. Supp. 2d 780, 795 (M.D. Pa. 2009) (Conner, J.). As to Magisterial District Judge Zola and Magisterial District Judge O'Donnell, the R&R recommends that they be dismissed with prejudice based on the doctrine of judicial immunity. (Doc. 10, p. 19-21) (quoting Clark v. Conahan, 737 F. Supp. 2d 239, 249 (M.D. Pa. 2010) (Caputo, J.)). Magistrate Judge Blewitt concludes that Defendant Salvantis, the Luzerne County District Attorney, enjoys the privilege of prosecutorial immunity and should also be dismissed with prejudice. (Id. at pp. 21-22) (citing Light v. Haws, 472 F.3d 74, 77-78 (3d Cir. 2007)). While the Magistrate Judge recognizes that a prosecutor is not immune from requests for injunctive relief, he finds that Plaintiff has failed to seek any proper injunctive relief. (Id. at pp. 22-23). Magistrate Judge Blewitt determines that it would be futile to afford Plaintiff an opportunity to file an amended complaint. (Doc. 10, p. 25), citing Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

Next, the R&R addresses the improper injunctive relief requests. (Doc. 10, pp. 25-30). As to Plaintiff's request to be released, Magistrate Judge Blewitt notes that Plaintiff has already been released on bail, that this Court will not interfere with a pending state criminal case, and that such relief is cognizable under habeas corpus. (Id. at pp. 25-26), citing 28 U.S.C. § 2254; Younger v. Harris, 401 U.S. 37, 41 (1971); Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). To the extent Plaintiff requests relief in the form a criminal investigation of certain Defendants, the R&R explains that this Court cannot grant such relief. (Doc. 10, pp. 26-27) (citing Ross v.

Pa. Bd. of Prob. & Parole, 2012 U.S. Dist. LEXIS 115546, *14 n.3 (M.D. Pa. 2012) (Kane, J.)). Additionally, the Magistrate Judge concludes that the Court has no authority to "extend the federal deadline" for Plaintiff's voucher or to "order the canceling of all federal and private student loan debt." (Id.). The R&R determines that Plaintiff's requests for a meeting and for additional interference in his pending criminal case should be dismissed with prejudice. (Id. at pp. 28-30), citing 28 U.S.C. §2283; Younger, 401 U.S. at 41; Tinsley v. Adams, 248 Fed. Appx. 309 (3d Cir. 2007).

Upon review, this Court finds that in the R&R's discussion of the claims against Defendants Wetzel and Zeptaski, the Magistrate Judge states that he "will recommend that Plaintiff's constitutional claims against Defendants challenging his arrest and former confinement in LCCF **be dismissed until** Plaintiff has his trial in Luzerne County and he is acquitted." (Doc. 10, p. 12) (emphasis added). The R&R continues, "[a]lternatively, if Plaintiff is convicted, then Plaintiff must have any conviction overturned on appeal in the state courts or by filing a habeas petition under 28 U.S.C. §2254 **before he can reassert** his present constitutional claims in a §1983 action." (Id.) (emphasis added). This recommendation is inconsistent with the final recommendation, wherein the Magistrate Judge concludes that the complaint should be "dismissed with prejudice, in its entirety." (Id. at p. 30). This Court finds no clear error in the analysis of the R&R and will adopt the "Discussion" section in its entirety, but will not follow the final recommendation. Accordingly, the claims against Defendants Wetzel and Zeptaski will be dismissed without prejudice pursuant to Heck, while the remaining claims and Defendants will be dismissed with prejudice and without leave to amend. See Mitchell v. Grynkewicz, 2012 U.S. Dist. LEXIS 21983, *12-15 (M.D. Pa. 2012) (Blewitt, M.J.)

(recommending the dismissal, without prejudice, of the plaintiff's claims of unlawful arrest and false imprisonment in light of the pending state criminal case), adopted by 2012 U.S. Dist. LEXIS 21979 (M.D. Pa. 2012) (Kane, J.). The improper injunctive relief requests outlined in the R&R will also be dismissed with prejudice. Additionally, this Court agrees with Magistrate Judge Blewitt that the instant complaint fails to sufficiently state a claim against either Defendant Wetzel or Zeptaski and that any future complaint, presented if and when the Heck bar is lifted, must allege additional facts establishing the personal involvement of each Defendant. Finally, Plaintiff's motion for leave to proceed in forma pauperis will be granted for the sole purpose of filing this action.

A separate order will be issued.

Date: July 30, 2013

United States District Judge